DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Donald and Betty Swartz, appeal a grant of summary judgment by the Lorain County Court of Common Pleas to Bank One and First Federal Savings Loan Association of Lorain ("First Federal") on an action for foreclosure. We affirm.
 I {¶ 2} Appellants purchased a house in Amherst, Ohio, executing a mortgage with First Federal for $75,000, on May 14, 1997. Contained within the mortgage deed is an acceleration clause: "If foreclosure proceedings of any second mortgage, or second trust deed, or any junior lien of any kind should be instituted, [First Federal] may at its option, immediately declare its lien and note which the same secures, due and payable and start such proceedings as may be necessary to protect its interest in the premises."
 {¶ 3} On October 13, 1997, Appellants executed a second mortgage with Bank One for $43,575. While Appellants remained current on their payments to First Federal, Appellants filed bankruptcy, discharging their personal obligation to repay Bank One. Bank One filed an action to foreclose; First Federal followed suit.
 {¶ 4} In its complaint, Bank One alleged that the amount owed was $38,826.59, plus interest at the rate of 12.25 percent per annum. There is attached to the complaint a copy of the mortgage note to Bank One, a Preliminary Judicial Report from a title company, and a copy of the docket from the bankruptcy proceeding. Appellants denied the amount owed in their answer to the complaint, raising as a defense the discharge in bankruptcy.
 {¶ 5} First Federal, in its cross-claim, alleged that the amount unpaid on its note was $68,661.30 with interest at the rate of 6.25 percent per annum, that the amount was secured by a mortgage deed for the house, and that a condition of the mortgage deed required Appellants to "not permit any lien to be enforced against [the] real estate, and if they do the entire principal and interest is due and owing." First Federal's complaint then states that Appellants failed to pay the note according to the conditions and permitted a lien to be enforced upon the real estate. Attached to First Federal's complaint is a copy of the mortgage note and the mortgage deed. In their answer, Appellants admitted the amount owed and that the note required acceleration if they allowed a lien to be enforced against the property; however, Appellants denied that they allowed a lien to be enforced.
 {¶ 6} Both mortgagees filed a motion for summary judgment. Bank One's motion contained an affidavit swearing that the loan file was under the immediate control and supervision of the affiant, "that the copies of the Note and Mortgage attached hereto to [the] Complaint are accurate copies of the original instruments," and that the outstanding balance was $38,826.59 plus interest at 12.25 percent per annum. In response, Appellants claimed that the mortgage was executed defectively and was, therefore, invalid. Appellants also argued that Bank One failed to comply with Civ.R. 56(E) requiring that all papers or parts of papers referred to in an affidavit are required to be attached to or served with the affidavit; in particular, Appellants stated that Bank One did not attach "any part of the loan account upon which the alleged balance due has been determined." Appellants claim that Bank One also did not comply with Civ.R. 56(E) by failing to demonstrate that the "`loan account' was made at or near the time of each transaction, by a person with knowledge or from information transmitted by a person with knowledge" in the course of a regularly conducted business activity, or that it was the regular business of Bank One to make such records. Attached to the opposition to summary judgment is a photocopy of R.C.5301.01, Civ.R. 56, a copy of the mortgage note, a copy of the docket from bankruptcy court, and Appellants' affidavits stating that the mortgage note was not executed properly and that the obligation to Bank One was discharged in bankruptcy.
 {¶ 7} First Federal's motion for summary judgment claimed that it was required only to show the breach of the note and the balance due; First Federal attached an affidavit which purportedly satisfied that requirement. The affiant swore that Appellants permitted a lien to be enforced against the real estate in breach of the mortgage note and, therefore, the entire principle was due including interest and costs. The affiant also stated that the amount due was $68,661.30 plus interest at the rate of 6.25 percent per annum. In reply, Appellants argued that they denied the amount owed in their answer to First Federal's cross-claim, they were current on their payments to First Federal, and there was nothing other than the affidavit to indicate the amount due. Appellants also argued, as with Bank One, that the affidavit does not meet the requirements of Civ.R. 56(E), because the affiant did not claim to have personal knowledge and did not aver that the records were kept in the ordinary course of business. Attached to this opposition to summary judgment were Appellants' affidavits stating that they were current on their payments to First Federal and the only written indication otherwise that they received was the cross-claim.
 {¶ 8} The trial court granted both motions and ordered the sale of the house. Appellants appealed, raising two assignments of error. At oral argument, Appellants withdrew their second assignment of error;[1] therefore, we address only the remaining assignment of error.
 II Assignment of Error
"The trial court erred when it granted summary judgment to appellees, ordering the sale of appellants' home, despite the absence of any admissible evidence establishing the balance owed to either party."
 {¶ 9} Appellants argue that Bank One and First Federal failed to meet their burden in their motions for summary judgment in that they did not include evidence satisfactory to Civ.R. 56 to prove the remaining amount owed on the mortgage notes. Appellant's claim that the affidavits are insufficient and the business records referenced are inadmissible under the hearsay rules of evidence. Additionally, in oral argument, Appellants argued that First Federal has not credited them with payments rendered from the time of the filing of the cross-claim.
 {¶ 10} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 11} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997),80 Ohio St.3d 498, 499. In that case, the moving party then "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293.
 {¶ 12} The Ohio Supreme Court has explained the summary judgment burden as follows:
"[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292-293.
 {¶ 13} Only after the movant satisfies the initial Dresher
burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294.
 {¶ 14} We first address Appellant's arguments regarding Bank One's motion for summary judgment. Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated. State, exrel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, paragraph two of the syllabus. Verification of documents attached to an affidavit supporting or opposing a motion for summary judgment, as required by Civ.R. 56(E), is satisfied by an appropriate averment in the affidavit itself. Id., paragraph 3 of the syllabus. An affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments. Yorkwood S. L. Assoc. v.Jacobs (Jul. 31, 1990), 2d Dist. No. 11998. A flat statement by the affiant that he had personal knowledge is adequate to satisfy Civ.R. 56(E). Beneficial Mtge. Co. v. Grover (Jul. 20, 1983), 3rd Dist. No 13-82-41, citing State ex rel. Corrigan, supra. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required."Merchants Natl. Bank v. Leslie (Jan. 21, 1994), 2d Dist. No 3072.
"However, where the nature of the facts contained within the affidavit, together with the identity of the affiant, creates a reasonable inference that the affiant has personal knowledge of the facts contained therein, [then] the affiant's simple averment that he has knowledge of the facts contained within the affidavit, while less than ideal, satisfies the requirement of Civ.R. 56(E)." Id.
 {¶ 15} In the absence of a specific statement of personal knowledge, personal knowledge may be inferred from the contents of an affidavit. Bendele v. Geise, 3rd Dist. No. 12-02-05, 2002-Ohio-6272, at ¶ 12.
 {¶ 16} The affidavit attached to Bank One's motion for summary judgment stated that the affiant was a foreclosure specialist of Bank One, that the loan file was under her immediate control and supervision, that the note and mortgage attached to the complaint are accurate copies of the original instruments, that the account was and remains in default and therefore, Bank One has exercised the option to accelerate the loan, and that the outstanding balance was $38,826.59 plus interest. This is an averment made upon personal knowledge of the affiant and it references the documents filed with the complaint. Therefore, the affidavit is sufficient to satisfy Civ.R. 56(E). Appellants have not presented evidence that the amount owed is incorrect; therefore, the affidavit is sufficient to demonstrate the outstanding debt. Furthermore, Appellants' assertions that the affidavits violate the hearsay rules of evidence are without merit. The statements in the affidavit refer to business records which are not hearsay; they are records kept in the course of regularly conducted business activity, it was the regular practice of that business activity to make the records, and the affiant stated they were in her immediate control and supervision and thereby she is a person with knowledge regarding the records. See Evid.R. 803(6).
 {¶ 17} Regarding First Federal's motion for summary judgment, Appellants argue that the amount owed is a question of fact; however, First Federal specified an amount due in their cross-complaint and Appellants admitted to the amount in their answer. Appellants' argument that they are entitled to credit for payments made in the interim was not raised to the trial court. It is a well established rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court. Statev. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus; State v. Coleman (1988), 37 Ohio St.3d 286, 294
(arguments not preserved "cannot be considered"); State v.Douglas (1989), 66 Ohio App.3d 788, 790 (arguments not presented to the trial court cannot be properly before the court of appeals); L.B. Folding Co. v. Gergel-Kellem Corp. (1994),94 Ohio App.3d 511, 521 ("It is a long-standing rule of appellate procedure that no new issues can be raised in the appellate court which were not raised before the trial court"); Merillat v.Fulton Cty. Bd. of Commrs. (1991), 73 Ohio App.3d 459, 463.
 {¶ 18} Appellant argues, as with Bank One, that the affidavit attached to First Federal's motion for summary judgment is inadequate to satisfy Civ.R. 56(E), because the affidavit does not prove how much is owed nor does it state that payments were not current when the cross claim was filed. As noted above, First Federal need not prove damages on summary judgment because Appellants admitted the amount owed in their answer. Further, First Federal's claim is not based upon missed or untimely payments; First Federal accelerated their note because Appellant's allowed a junior lien to be enforced on the property. Appellant has abandoned on appeal any argument that Bank One's claim is invalid. "Once a default * * * has occurred under the terms of a mortgage and mortgage note, and once the mortgage and mortgage note have been accelerated, the holder of the mortgage note (i.e. the mortgagee) is entitled to judgment." MetropolitanSavings Bank v. Papadelis (Sept. 13, 1995), 9th Dist. No. 2380-M, at 6. By allowing Bank One to enforce its lien, Appellants defaulted on First Federal's note. First Federal, as was their right under the terms of the mortgage deed, accelerated the loan and is entitled to judgment as a matter of law.
 {¶ 19} Appellants' assignment of error is overruled.
 III. {¶ 20} Appellants' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
[1] The abandoned assignment of error stated, "The trial court erred when it granted summary judgment to appellee bank one despite the discharge in bankruptcy of appellants' debt and despite the defect in the mortgage deed to bank one."