DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Jason Lytle has appealed the decision of the Lorain County Court of Common Pleas that granted Plaintiff-Appellee Bank One's motion for summary judgment and foreclosure. This Court affirms.
 I {¶ 2} On December 7, 2001, Plaintiff-Appellee Bank One, N.A. filed a complaint of foreclosure against Defendant-Appellant Jason Lytle wherein it alleged that Appellant had defaulted on a promissory note executed between Appellant and Appellee. Appellee further alleged that the promissory note was secured by a mortgage on certain real property owned by Appellant in Elyria, Ohio. According to Appellee's lawsuit, as a result of Appellant's default on the promissory note, Appellee had declared the entire balance of the note, $34,679 plus interest, due and owing.
 {¶ 3} Appellant answered Appellee's complaint wherein he admitted that Appellee was the holder of a note and mortgage executed by Appellant, but denied that he was in default on said note and mortgage. In his answer, Appellant asserted four affirmative defenses and set forth counterclaims that Appellee had violated the Consumer Credit Protection Act, the Truth in Lending Act, and the Fair Credit Reporting Act.
 {¶ 4} On May 23, 2002, Appellee filed a motion for default judgment, which was denied by the trial court. Discovery ensued between the parties. On October 31, 2003, Appellee filed a motion for summary judgment. Proceeding pro se, Appellant responded to Appellee's motion for summary judgment on January 5, 2004. On January 30, 2004, Appellee filed a reply brief in support of its October 31, 2003 motion for summary judgment. On February 3, 2003, Appellant filed a Civ.R. 56(F) motion with the trial court wherein he requested additional time to supplement his response to Appellee's motion for summary judgment, or in the alternative dismissal of Appellee's claims against him. The trial court granted Appellee's motion for summary judgment on February 10, 2004. The trial court entered judgment on Appellee's motion for summary judgment along with a decree of foreclosure and reformation of the mortgage on March 5, 2004.
 {¶ 5} Appellant has timely appealed the trial court's decision, asserting four assignments of error. We have changed the order of Appellant's assignments of error for ease of analysis.
 II Assignment of Error Number Three
"Granting summary judgment by the lower court was erroneous when genuine issues of material fact exist in appellant's counterclaims for violation of the fair debt collections act ("FDCA") 15 U.S.C. § 1692 [et seq.], balance in dispute must be verified, specifically excesive late fees, excessive finance charges and interest rates not in the contractual agreement and appellee's responsibilities as a debt collector and violation of truth in Lending Act, 15 U.S.C. § 1601, [et. seq]."
 {¶ 6} In his third assignment of error, Appellant appears to have argued that the trial court erred when it granted summary judgment for Appellee on its claims against Appellant as well as Appellant's counterclaims against Appellee. In relation to Appellee's claim against Appellant, Appellant has argued that a genuine issue of material fact existed as to the amount of money that was due and owing on the note held by Appellee. In relation to Appellant's counterclaims against Appellee, Appellant has argued that genuine issues of material fact existed as to his allegations that Appellee violated various federal statutes regulating consumer lending. We disagree.
 {¶ 7} It is well established that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12, certiorari denied (1986),479 U.S. 948, 93 L.Ed.2d 383, 107 S.Ct. 433. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 9} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 10} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 11} In the instant matter, Appellant first has argued that Appellee failed to establish the exact amount of money that was due and owing on Appellant's note, therefore creating a genuine issue of material fact for trial and precluding summary judgment. Appellant has also argued that Appellee violated numerous federal statutes that govern the consumer lending industry. In response, Appellee has argued that it established, pursuant to Civ.R. 56(C), the amount of money that was due and owing on the note, and that Appellant failed to present any evidence to refute Appellee's contention that, pursuant to the terms of the note, Appellant owed it $34,679. Appellee further has argued that Appellant failed to produce any evidence that Appellee had violated the federal consumer lending statutes as alleged in Appellant's counterclaims.
 {¶ 12} We turn first to Appellant's argument that the amount of money that was due and owing on the note was in dispute and thus created a genuine issue of material fact. Our review of Appellee's motion for summary judgment reveals that two affidavits were attached to the motion. The first affidavit was from Mona Reynolds ("Reynolds"). Reynolds' affidavit stated the following: 1) Reynolds was employed by Bank One as a Vice President and Collection Manager I-Retail, and she was involved in efforts to collect the debt owed by Appellant; 2) Appellant was late for payments due on the note on multiple occasions in 1999, 2000 and 2001; 3) as of October 28, 2003, the date of Reynolds' affidavit, Appellant had not made any payments on the note since August 2001 when he paid the May 2001 installment of the note; 4) as a result of Appellant's nonpayment, the note was in default and had been accelerated resulting in a balance of $34,679 due and owing on the note. The second affidavit was from Brian Biernat ("Biernat"). Biernat's affidavit stated the following: 1) Biernat was a foreclosure specialist employed by Appellee; 2) Biernat had personal knowledge of Appellant's note and mortgage; 3) as of June 4, 2002, the date of Biernat's affidavit, Appellant was in default on the note and mortgage in that he failed to pay the June 2001 and all subsequent payments; 4) Appellant's note had been accelerated pursuant to the terms of the note; and 5) as a result of the default and acceleration, $34,679 was due and owing on the note.
 {¶ 13} Pursuant to Civ.R. 56(E), all affidavits filed in support or opposition to a motion for summary judgment must "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). It is well established that a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. Bank One v. Swartz, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14. This Court has also held that affidavits containing averments regarding business records kept in the ordinary course of business activity and that were in the immediate control of the affiant are admissible pursuant to business records exception to the hearsay rule. Countrywide HomeLoans, Inc., v. Rodriguez, 9th Dist. Nos. 03CA008345 
03CA008417, 2004-Ohio-4723, ¶ 14; see, also, Evid.R. 803(6). Finally:
"Unless controverted by other evidence, a specific averment that an affidavit pertaining to business * * * is made upon personal knowledge of the affiant * * * satisfies the Civ.R. 56(E) requirement that affidavits supporting and opposing motions for summary judgment show that the affiant is competent to testify to the matters stated." State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, at paragraph two of the syllabus.
 {¶ 14} In the instant matter, both affiants stated that they were employees of Appellee, had personal knowledge of Appellant's loan account, and had custody or control of Appellant's note. Both affiants also stated that Appellant's account was in default in the amount of $34,679. Appellant did not present any evidence to refute the claims as set forth by either affiant. Appellant did not present any evidence that either affiant lacked personal knowledge or competence to testify to the matters asserted as required, or that the averments contained in the affidavits were based upon inadmissible evidence. See Civ.R. 56(E). Nor did Appellant claim to owe an amount of money different from that asserted by the affiants. As a result, we find that the affidavits of Reynolds and Biernat satisfied the requirements of Civ.R. 56(E) and were properly relied upon by the trial court when it granted summary judgment to Appellee. Furthermore, because Appellant failed to refute Appellee's claim that he owed Appellee $34,679 pursuant to the terms of the note, the affidavits served to establish $34,679 as the amount of money that was due and owing on Appellant's note held by Appellee. SeeBank One, 2004-Ohio-1986, ¶ 16. As a result, reasonable minds could come to but one conclusion, namely that Appellee was entitled to summary judgment on its claim of foreclosure against Appellant, and the trial court did not err when it granted summary judgment to Appellee on the same.
 {¶ 15} Turning next to Appellant's claim that Appellee violated the Consumer Credit Protection Act, Truth in Lending Act and Fair Credit Reporting Act, we find that Appellant failed to present any evidence in support of these counterclaims. As a result, reasonable minds could come to but one conclusion, namely that Appellee was entitled to summary judgment on all of Appellant's counterclaims against Appellee. See Dresher,75 Ohio St.3d at 293. It follows that the trial court did not err when it granted summary judgment to Appellee on Appellant's counterclaims.
 {¶ 16} Based on the foregoing, Appellant's third assignment of error lacks merit.
 Assignment of Error Number Four
"A grant of summary judgment by the lower court was erroneous and an abuse of discretion, at the detriment of appellant, because the court failed to rule on all outstanding motions prior to a determination of summary judgment and failed to afford the appellant's [Civ.R. 56(F)] motion to continue discovery."
 {¶ 17} In his fourth assignment of error, Appellant has argued that the trial court abused its discretion when it entered summary judgment on behalf of Appellee. Specifically, Appellant has argued that he was unfairly prejudiced when the trial court failed to specifically rule on several pending motions prior to granting Appellee's motion for summary judgment. Appellant has further argued that the trial court abused its discretion when it failed to grant his Civ.R. 56(F) motion requesting additional time to conduct discovery in order to supplement his response to Appellee's motion for summary judgment. We disagree.
 {¶ 18} Turning first to Appellant's argument regarding his pending motions, this Court has previously held that "when a trial court fails to rule upon a [pretrial] motion, it will be presumed that it was overruled." Franco v. Kemppel Homes, Inc.,
9th Dist. No. 21769, 2004-Ohio-2663, at n4. It follows that the trial court did not abuse its discretion when it failed to specifically rule on Appellant's pretrial motions as said motions were deemed denied upon the entry of summary judgment for Appellee.
 {¶ 19} Next we turn to Appellant's argument that the trial court abused it discretion when it denied his Civ.R. 56(F) motion for a continuance.[1]
 {¶ 20} Civ.R. 56(F) states that:
"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 21} The decision whether or not to grant a Civ.R. 56(F) motion rests within the sound discretion of the trial court.Staffing v. ABC Automation Packing, Inc. (June 7, 2000), 9th Dist. No. 19774. An abuse of discretion is not just an error in judgment; it is "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 22} In support of his argument that he was entitled to a continuance pursuant to Civ.R. 56(F), Appellant has argued that Appellee failed to comply with a court order to compel discovery and that such non-compliance thwarted Appellant's discovery efforts. In response, Appellee has argued that Appellant invoked Civ.R. 56(F) as a means of conducting discovery that should have been undertaken during the twenty-six month pendancy of the lawsuit between the parties.
 {¶ 23} Our review of the procedural history of the instant matter reveals that Appellant filed a motion for the production of documents on May 9, 2002. The request was continuing and placed upon Appellee the obligation to make supplemental responses as appropriate. On October 30, 2002, Appellant filed a motion to compel discovery wherein he claimed that Appellee had not produced documents which were responsive to his May 9, 2002 request. The trial court granted Appellant's motion to compel on December 11, 2002, stating that Appellee must respond to Appellant's request by December 31, 2002.
 {¶ 24} Appellant points to Biernat's affidavit as proof that Appellee violated the trial court's order compelling discovery and thus entitled him to a continuance pursuant to Civ.R. 56(F). Beirnat's affidavit was dated June 4, 2002. Appellant has argued that Biernat's affidavit should have been given to Appellant pursuant to his May 9, 2002 request for documents so that he could verify Berinat's "knowledge and beliefs stated in [the] sworn affidavit." However, Beirnat's affidavit was not provided to Appellant until it was presented as an attachment to Appellee's motion for summary judgment, filed on October 31, 2003.
 {¶ 25} Assuming, arguendo, that Biernat's affidavit should have been produced to Appellant pursuant to his May 9, 2002 request, we find such error harmless pursuant to Civ.R. 61, which states in pertinent part:
"* * * [N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties
is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." (Emphasis added.)
 {¶ 26} "`In determining whether a substantial right of a party has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision, had the error not occurred.'" Prakash v. Copley Twp., 9th Dist. No. 21057, 2003-Ohio-642, at ¶ 16, quoting Moore v. Univ. of Akron
(Aug. 1, 2001), 9th Dist. No. 20320, at 3.
 {¶ 27} In the instant matter, Biernat's affidavit made the same averments as did Appellee in its complaint dated December 7, 2001 and Reynolds in her affidavit dated October 28, 2003. Biernat's affidavit avered that: 1) Appellant was in default on a note held by Appellee; 2) as a result of the default, the note had been accelerated pursuant to the acceleration clause of the note; and 3) as a result of the default and acceleration, $34,679 was due and owing on the note. Thus it is clear to this Court that even if Appellant would have received Biernat's affidavit prior to December 31, 2002 as ordered by the trial court, Appellant still bore the burden of production in response to Reynolds' affidavit. Specifically, Appellant had to produce evidence that created a genuine issue of material fact as to Reynolds' averments that Appellant was in default on his note and mortgage, the note had been accelerated, and $34,679 was due and owing on the note.
 {¶ 28} As discussed, infra, Appellant did not meet his burden of production on these very issues when he responded to Appellee's motion for summary judgment on January 5, 2004. As a result, we are convinced that the trial court would have reached the same conclusion and granted Appellee's motion for summary judgment even if Appellee had produced Biernat's affidavit prior to December 31, 2002. It follows that a substantial right of Appellant was not affected by the alleged error of which he now complains, and the trial court did not abuse its discretion when it denied Appellant's Civ.R. 56(F) motion for a continuance. Appellant's fourth assignment of error lacks merit.
 Assignment of Error Number One
"The lower court was erroneous in entry of the final judgment of foreclosure award and order of the sale of appellant's home despite a known dispute and absent any admissible evidence establishing the factual balance owed particularly because the judgment fails to state a specific monetary award standing alone so that all parties know their rights and responsibilities."
 Assignment of Error Number Two
"The lower court erred in entering a judgment of foreclosure and dismissal of appellant's counterclaims because the judgment entry does not address all the issues submitted to the court for determination."
 {¶ 29} In his first assignment of error, Appellant has argued that the trial court's decision entering judgment of foreclosure was in error because the amount that was due and owing on the note held by Appellee and secured by Appellant's real property was in dispute. In his second assignment of error, Appellant has argued that the entry of foreclosure and dismissal of Appellant's counterclaims was in error because the judgment entry of the trial court failed to address all of the issues presented to the trial court by Appellant. We disagree.
 {¶ 30} It is well settled in Ohio that once a default in payment has occurred under the terms of a note, and once the note has been accelerated pursuant to its acceleration clause, the holder of the note is entitled to judgment. Bank One,2004-Ohio-1986, at ¶ 18, quoting Metropolitan Savings Bank v.Papadelis (Sept. 13, 1995), 9th Dist. No. 2380-M, at 6.
 {¶ 31} This Court has already determined that summary judgment was properly granted to Appellee on its claims of foreclosure against Appellant and Appellant's numerous counterclaims. We affirmed the trial court's finding that Appellant defaulted on the note and mortgage held by Appellee, the balance had been accelerated pursuant to the acceleration clause of the note, and $34,679 was due and owing on the note. Based on the foregoing, it is clear to this Court that Appellee was entitled to a judgment of foreclosure. Id. Appellant's first and second assignments of error lack merit.
 III {¶ 32} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Boyle, J., concur.
[1] Appellant's Civ.R. 56(F) motion was one of the pending motions that was presumed denied by the trial court when it granted summary judgment to Appellee on February 10, 2004.