DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Timothy Harvey,[1] appeals the decision of the Summit County Court of Common Pleas granting summary judgment to Appellees, Amy Woidtke (Woidtke) and Maple Street Living Trust (Maple Street).[2] We reverse and remand.
 {¶ 2} In July of 1998, Appellant (Harvey) and Frank Spada (Spada) purchased as tenants in common two adjacent lots, Lots 279 and 280 of the Springfield Heights Allotment, in Akron. Subsequently, Spada executed and delivered to the Maple Street Living Trust (Maple Street) a promissory note which was secured by a mortgage on Lots 279 and 280.
 {¶ 3} Harvey quit-claimed his interest in lots 279 and 280 to Spada on August 21, 1998. Spada then immediately transferred by warranty deed his entire interest in lot 280 to Harvey. After these transfers, but on the same day, Spada executed and delivered a promissory note to Woidtke which was secured by a mortgage on Lot 279. These transactions were recorded in the Summit County records on August 24, 1998.
 {¶ 4} In March of 1999, Harvey obtained an open-end blanket mortgage from Fifth Third Bank, which included a mortgage on Lot 280. Harvey thereafter constructed a house on the property worth approximately $80,000.
 {¶ 5} At some point, Spada failed to make payments pursuant to the terms and conditions of his notes to Maple Street and Woidtke. On July 7, 2000, Maple Street filed a complaint in the Summit County Court of Common Pleas, in which it sought, inter alia, to foreclose on Lots 279 and 280. Spada in the meantime had filed for bankruptcy, so the case was placed temporarily on the trial court's inactive docket pending a ruling in the bankruptcy.
 {¶ 6} On February 14, 2001, after a pretrial conference, the trial court granted leave to Maple Street to file a motion for partial summary judgment as to Lot 279. On March 2, 2001, Woidtke moved for leave to file for summary judgment as to both Lots 279 and 280. On April 10, 2001, Maple Street also moved for summary judgment as to both lots. Fifth Third filed a motion to strike Maple Street's motion and for a continuance. On July 30, 2001, the trial court entered summary judgment in favor of Maple Street on both lots and ordered foreclosure on both.
 {¶ 7} On August 29, 200, Harvey and Fifth Third filed a joint motion for relief from judgment pursuant to Civ.R. 60(B). On October 26, 2001, the trial court denied the Civ.R. 60(B) motion. Fifth Third appealed and this court reversed the lower court's decision and remanded the case, holding that the trial court failed to grant the appellants an opportunity to respond to the merits of Maple Street's motion for summary judgment.
 {¶ 8} Upon remand, Harvey filed a motion in opposition to Maple Street's motion for summary judgment. Harvey attached to his motion in opposition an affidavit from Spada and a deed, showing that Spada had previously satisfied the debt to Maple Street, and thus, he claimed that summary judgment was improper. On November 20, 2002, Fifth Third filed a motion in opposition to Maple Street's motion, and moved for summary judgment. On May 7, 2004, the trial court granted Maple Street and Woidtke's motions for summary judgment and denied Fifth Third's motion. Harvey appealed, raising two assignments of error for our review. For ease of discussion, we will consider both together.
 ASSIGNMENT OF ERROR I
"The trial court misapplied Civ.R. 56 and Dresher v. Burt
(1996), 75 Ohio St.3d 280."
 ASSIGNMENT OF ERROR II
"The trial court erred by granting summary judgment when a genuine issue of material fact exists concerning whether the underlying mortgage has been satisfied."
 {¶ 9} In both assignments of error, Harvey maintains that the trial court incorrectly granted summary judgment in favor of Maple Street and Woidtke because a genuine issue of material fact remains as to whether the underlying debt to Maple Street was satisfied. We agree.
 {¶ 10} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio St.2d 1, 2.
 {¶ 11} Summary Judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 12} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 13} In this case, Harvey claims that Maple Street has not met the Dresher standard in showing that there are no genuine factual issues remaining. He maintains that material issues of fact remain to be litigated; namely, whether the debt to Maple Street was satisfied.
 {¶ 14} Attached to Harvey's brief in opposition to summary judgment is an affidavit of Spada in which he claims that the debt to Maple Street was satisfied. In that affidavit, Spada stated that in 1998 he had negotiated with a Mr. McCombs to purchase the property in question. He claims that Mr. McCombs informed him that "financing would come from an investor, Elinore Holshue, through a Trust she owned, the Maple Street Living Trust." Further, he was informed that he would be purchasing the property from a second trust, the 333 Stevenson Land Trust. In the next line, Spada stated that "[a]t all relevant times Mr. McCombs represented and acted as the agent for both Trusts." Spada claimed that on July 17, 1998 he executed a promissory note and mortgage in favor of Maple Street and in return he received a deed from the 333 Stevenson Land Trust.
 {¶ 15} In his affidavit, Spada acknowledged that in 1999 he was unable to make payments to Maple Street on the promissory note. Spada stated that he discussed with Mr. McCombs the possibility of giving Maple Street the title to the property in lieu of foreclosure. Mr. McCombs stated that Maple Street agreed to the exchange. Spada claims that he met with Mr. McCombs at a bank to sign the deed to release him of his obligations under the mortgage. On May 20, 1999, Spada transferred by warranty deed lot 279 to the 333 Stevenson Land Trust.[3] In his affidavit, Spada testified "[t]hat upon execution of the deed it was [his] belief that the debt to [Maple Street] was satisfied. * * * [He] had no other reason to transfer the property other than to satisfy [his] obligation to [Maple Street.]"
 {¶ 16} Pointing to Spada's affidavit and to the warranty deed transferring Lot 279 from Spada to the 333 Stevenson Land Trust, Harvey claims that there remains a genuine issue of material fact as to whether the debt to Maple Street was satisfied. Appellees claim that the affidavit is "improper, inadmissible and otherwise insufficient to prove that there remains any genuine issue for trial in this case."
 {¶ 17} Civ.R. 56(E) provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Where the nature of the facts contained in the affidavit, together with the identity of the affiant, creates a reasonable inference that the affiant has knowledge of the facts therein, an affiant must merely state that he had personal knowledge of the matter to satisfy Civ.R. 56(E). See Bank One,N.A. v. Swartz, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14, citing Merchants Natl. Bank v. Leslie (Jan. 21, 1994), 2nd Dist. No. 3072.
 {¶ 18} Spada's affidavit complies with Civ.R. 56(E). Spada's affidavit relates to negotiations he was involved in, meetings that he attended, and the transfer of property that he had purchased. Spada explained in his affidavit why he executed the deed transferring his property to the Stevenson Trust. The affidavit states that it was made upon personal knowledge of the affiant. Appellees state that the portion of the affidavit whereby Spada states that he believed that he had satisfied the debt is inadmissible because Spada does not have personal knowledge regarding whether that debt was actually satisfied. Spada does, however, have personal knowledge of the meetings with Mr. McCombs, signing of the deed, discussing the transfer in lieu of foreclosure, and the signing of the warranty deed, which all point to issues unresolved thus far regarding the transfer of Lot 279 and the allegation that the debt to Maple Street was satisfied.
 {¶ 19} Appellees claim that the allegations set forth in Spada's affidavit regarding what Mr. McCombs said are inadmissible hearsay. Spada stated that Mr. McCombs was an agent of the Maple Street Living Trust and the 333 Stevenson Land Trust. Appellees do not state affirmatively that Mr. McCombs was not an agent of the two trusts. They claim that "Spada is in no position to state, with personal knowledge, who is and/or who is not an agent of Maple Street."
 {¶ 20} Evid.R. 801(D)(2) states: "A statement is not hearsay if * * * "[t]he statement is offered against a party and is * * * a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship[.]" We find that an issue of fact exists regarding Mr. McCombs' position. Spada in the affidavit maintains that Mr. McCombs is an agent of the Appellee. Mr. McCombs' position is unresolved; however, if Mr. McCombs is an agent, then his statements would be admissible, non-hearsay.
 {¶ 21} Appellees further argue that even if Spadas' affidavit is admissible, it does not create a genuine issue of material fact. Rather, it establishes that Spada was unable to pay pursuant to the terms of the note, and therefore Appellees are entitled to judgment. Spada does not contest that he was unable to make payments on the note. However, he claims that the debt to Maple Street was satisfied by transferring the property to the Stevenson Land Trust. It is undisputed that Spada did not make payments in accordance with the provisions of the note. At issue is whether Spada satisfied the debt in another fashion, not in accordance to the terms of the note, but which would, nevertheless, make summary judgment and foreclosure improper.
 {¶ 22} Harvey has submitted a copy of a signed and notarized warranty deed, dated May 20, 1999, transferring Lot 279 from Spada to "Mary L. Hensley, Trustee of the 333 Stevenson Ave. Land Trust[.]" Spada and Harvey claim that this deed shows that Spada had satisfied the debt owed by transferring the property rather than by paying in accordance to the terms of the note. Appellees do not explain the presence of the deed. Appellees claim that the notes were not paid, and they are entitled to judgment without discussing the effect of the warranty deed.
 {¶ 23} Summary judgment is properly granted when, viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple,50 Ohio St.2d at 327. In this case, based on the evidence before us, we cannot say that reasonable minds can only decide in favor of Appellees. We find that genuine issues of fact exist regarding the position of Mr. McCombs and the existence and circumstances of the May, 1999 deed transferring Lot 279 to the Stevenson Land Trust.
 {¶ 24} In light of the issues raised above, it cannot be said that there are no genuine issues of fact remaining, or that reasonable minds could only conclude in favor of Appellees. Therefore, summary judgment was not properly granted. Harvey's assignments of error are sustained.
 {¶ 25} We sustain Harvey's assignments of error, reverse the judgment of the Summit County Court of Common Pleas, and remand for proceedings consistent with this opinion.
Judgment reversed, and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] Mr. and Mrs. Harvey are both appellants. For simplicity, they will be jointly referred to as "Harvey." Mr. and Mrs. Spada will be referred to as "Spada."
[2] Collectively referred to as "Appellees."
[3] The Warranty Deed, transferring Lot 279 from Spada to the Stevenson Avenue Land Trust was also attached to Harvey's motion.