[Cite as *Huntington Natl. Bank v. Kopnisky*, 2017-Ohio-641.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0172 |
| V. | ) | |
| | ) | OPINION |
| DENNIS G. KOPNISKY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 15 CV 331

JUDGMENT:                                        Affirmed

APPEARANCES:
For Plaintiff-Appellee                       Attorney Eric T. Deighton
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44112

For Defendants-Appellants              Attorney Bruce M. Broyles
5815 Market Street, Suite 2
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 14, 2017

DONOFRIO, J.

**{¶1}** Defendants-appellants, Dennis and Sonya Kopnisky, appeal the summary judgment entered against them and the decree of foreclosure entered by the Mahoning County Common Pleas Court.

**{¶2}** On August 12, 2005, Appellants signed a note promising to pay Sky Bank, the lender, $78,000.00. Monthly payments were due on the first day of each month. Exhibit B, ¶ 3. Failure to pay the amounts when due would put Appellants in default. The note provides that if Appellants are in default, the holder of the note may send a written notice telling Appellants that they are in default and if payments are not made by a date certain, the holder of the note may require Appellants to immediately pay the full amount owed. The note provides that the date by which payment would have to be made "must be at least 30 days after the date on which the notice is mailed * * * or delivered by other means." Exhibit B ¶ 6(C).

**{¶3}** On the same day, August 12, 2005, Appellants signed a mortgage to secure the note in favor of the lender, Sky Bank.

**{¶4}** Sky Bank was acquired by Plaintiff-appellee, Huntington National Bank, on September 21, 2007.

**{¶5}** On January 13, 2010, Appellants signed a Loan Modification Agreement with Huntington. Exhibit C.

**{¶6}** On November 9, 2014, Huntington mailed a Notice of Intention to Accelerate and Foreclose, dated November 4, 2014, to Appellants stating that they were in default and that the full amount due of $5,005.32 had to be paid by December 9, 2014, or their mortgage would be accelerated which meant they would have to repay the balance due in full, and foreclosure might be initiated. The Notice was received by Appellants on November 10, 2014.

**{¶7}** On February 5, 2015, Huntington filed a complaint based upon the note and the mortgage. Since no answer was filed, on March 23, 2015, Huntington filed a motion for default judgment. On March 24, 2015, Appellants filed a motion for leave to file an answer instanter. The trial court granted their motion on the same day. In addition to generally denying the allegations in the complaint, Appellants asserted

affirmative defenses. Appellants claimed that Huntington failed to provide the notice of default required by paragraph 6(C) of the note, that Huntington failed to perform all conditions precedent to accelerate the debt and foreclose pursuant to paragraph 22 on page 13 of 14 of Form 3036, and that Huntington did not have a valid mortgage because of contradictory legal descriptions and because no master mortgage document was recorded with the mortgage.

{¶8} On July 16, 2015, Huntington filed a motion for summary judgment and attached the affidavit of Robin Scott. The Scott affidavit states that Robin Scott is an authorized signer for Huntington, which is the successor by merger to Sky Bank as demonstrated by the National Information Center report attached to the affidavit as Exhibit A. The Scott affidavit provides that Huntington maintains physical loan files and computer databases associated with each of its loans. Scott states that the material in those files is placed there by a person with knowledge and in the normal course of business. Scott attested in her affidavit that she has access to the loan files and reviewed the files relative to the pending matter. She states that she has personal knowledge of the business records described in her affidavit and of the contents of those records. Scott states that the documents attached to her affidavit are true and accurate copies of the records. Attached to the affidavit are the note (Exhibit B), loan modification agreement (Exhibit C), the mortgage (Exhibit D), and the Master Mortgage separately recorded in Mahoning County (Exhibit E). Scott states that all of the prerequisites necessary to accelerate the note and mortgage were performed and that the Notice of Default Letter mailed by First Class Mail is attached as Exhibit F. She provides in her affidavit that Appellants are in default. She attaches the loan histories to her affidavit as Exhibit G.

{¶9} Appellants filed a Memorandum in Opposition to Huntington's motion for summary judgment asserting that the Scott affidavit should not be accepted, that the records attached to it did not qualify as exceptions to the hearsay rule pursuant to Evid.R. 803(6), that Huntington failed to prove that it was the successor in interest to Sky Bank, and that Huntington failed to comply with all conditions precedent to

foreclosure.

{¶10} The trial court granted summary judgment to Huntington on August 27, 2015. The trial court concluded that the Scott affidavit was sufficient and that all the documents attached thereto met the requirements of Evid.R. 803(6). The trial court determined that Huntington met all the conditions precedent and noted that Appellants failed to submit any evidentiary material whatsoever. On September 4, 2015, the trial court filed a judgment entry ordering foreclosure and sale of the mortgaged property.

{¶11} Appellants' sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT
WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT STILL
IN DISPUTE.

{¶12} In *U.S. Bank, N.A. v. Martin*, 7th Dist. No. 13 MA 107, 2014-Ohio-3874, ¶ 11-12, we reiterated the duty of an appellate court when reviewing a trial court's decision with regard to summary judgment. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002–Ohio–2220, 767 N.E.2d 707, at ¶ 24. Summary judgment can be granted where there remain no genuine issues of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith,* 110 Ohio St.3d 24, 2006–Ohio–3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Id.* citing *Dresher v. Burt,* 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264.

{¶13} Thereafter, the nonmovant may not rest upon the mere allegations or denials of the party's pleadings. Civ.R. 56(E). The burden shifts to the nonmoving party to produce evidence on any issue for which it would bear the burden of

production at trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164; Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

**{¶14}** To support a motion for summary judgment in a foreclosure action, the plaintiff must present evidentiary-quality materials establishing 1) that it is the holder of the note and mortgage, or is entitled to enforce the instrument, 2) if not the original mortgagee, the chain of assignments or transfers, 3) that all conditions precedent have been met, 4) that the mortgagor is in default, and 5) the amount of principal and interest due. *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

**{¶15}** Appellants divide their only assignment of error into three issues for review. Those three issues involve the first three requirements set forth above in *Wachovia.* Appellants do not contest that they are in default or the amount due in principal or interest, i.e., requirements four and five.

**{¶16}** Appellants' first issue questions the ability of Huntington to enforce the note. Their second issue involves whether Scott's affidavit was sufficient for purposes of the business records exception to the hearsay rule set forth in Evid.R. 803(6). Appellants' third issue asserts that there was a genuine issue of material fact as to whether Huntington met all conditions precedent. Appellants address their first two issues for review together.

**{¶17}** The facts relied upon with regard to a motion for summary judgment must comply with Civ.R. 56(C). *Martin* at ¶ 26. Affidavits, supporting and opposing, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ. R. 56(E). The requirement that the affiant have personal knowledge is satisfied if the affiant states that the affidavit is made on personal knowledge, unless controverted by other evidence, or if the contents of the affidavit allow one to infer that the affidavit was made upon personal knowledge. *Martin* at ¶ 26, citing *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA8303,

2004-Ohio-1986, ¶ 14-16.

**{¶18}** Appellants assert Scott's affidavit is unacceptable because Scott's statements are contradicted by the documents attached to the affidavit. First, Appellants assert that Scott's personal knowledge that Huntington is the successor to Sky Bank comes from an unauthenticated form on the internet. We assume Appellants are referring to the statement in paragraph one of Scott's affidavit. We read that sentence differently. Scott states that Huntington is the successor by merger to Sky Bank and that this fact is evidenced by a National Information Center report, which is attached to her affidavit and purports to be a repository of financial data and institution characteristics collected by the Federal Reserve System and placed on the internet. Scott also states that she is an authorized signer of Huntington. We do not find these statements to be conflicting. Furthermore, Appellants have offered no evidence which controverts Scott's sworn statement. There is no evidence that suggests that Huntington is not the successor to Sky Bank.

**{¶19}** Next, Appellants complain that Exhibit A, the National Information Center page, states that Sky Bank was acquired by Huntington but that Exhibit C, the Loan Modification Agreement, describes Huntington not as the payee or successor in interest to Sky Bank but as a "servicer." However, Appellants' representation is only partially accurate. Exhibit C, the Loan Modification Agreement, begins by describing Huntington as the "Lender and/or Servicer" and indicates that, thereafter, Huntington is referred to as the "Lender." Again, this is not a contradiction. And, in light of Appellants' failure to present any contrary evidence, this does not create a genuine issue of material fact.

**{¶20}** Appellants, also, seemingly complain that the note is endorsed in blank by Sky Bank and, thus, the note did not need to be endorsed to convey title to Sky Bank's successor in interest. This observation does not create a genuine issue of material fact. In fact, it has the opposite result. If Appellants' argument is accepted, Huntington is clearly the holder of the note and can enforce it. The Scott affidavit establishes that Huntington is the successor by merger to Sky Bank, that it is entitled

to enforce the note, and that the affidavit and business records attached thereto otherwise meet the requirements of Evid.R. 803(6). Thus, Appellants' first two issues for review are without merit.

**{¶21}** Appellants' third issue for review questions whether there is a genuine issue of material fact regarding Huntington's compliance with all conditions precedent. Specifically, Appellants complain that Huntington failed to comply with Paragraph 6(C) of the note which provides:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(Exhibit B, ¶ 6(C)). Further, the Master Mortgage provides that the notice "shall specify * * * a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured * * *." (Exhibit E, ¶ 22). Appellants assert that, in regard to both, they were given only 29 days to cure their default.

**{¶22}** Since the note and Master Mortgage provide that a notice of default and acceleration must be provided, and that Appellants be given time to cure the default, notice is a condition precedent subject to the requirements of Civ.R. 9(C). *Martin* at ¶ 14. In pleading the performance of any conditions precedent, a general averment to that extent is sufficient. *Id.,* Civ.R. 9(C). The denial of performance or occurrence, however, "shall be made specifically and with particularity." *Id.* Conditions precedent not denied pursuant to Civ.R. 9(C) are deemed admitted. *Id.* Here, the parties do not contest whether the condition precedent was properly pleaded in the complaint or properly denied in the answer. Instead, Appellants assert that there is a genuine issue of material fact as to whether the condition precedent was satisfied.

**{¶23}** Appellants argue that the notice must provide at least 30 days to cure

the default after delivery. Appellants count the days after delivery. The trial court similarly concluded that the date of receipt is the operative date. Counting the days after delivery or after receipt is incorrect. The note, quoted above, provides that the time to cure is "30 days after the date on which the notice is mailed to me [Appellants] or delivered by other means." This language does not require actual delivery. The Master Mortgage provides that Appellants be provided 30 days from the date the notice is given to Appellants. The Master Mortgage further provides that any notice to Appellants "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered * * *." (Exhibit E, ¶ 15). Actual receipt is not required by either the note or the Master Mortgage.

**{¶24}** Huntington also draws the court's attention to paragraph seven of the note. Paragraph seven of the note provides that any required notices will be given by delivery or by mailing the notice by first class mail. Contrary to Huntington's assertion, this paragraph does not state that the day of mailing is deemed the date of notice.

**{¶25}** Thus, the question presented is on what date a first class mailing to Appellants occurred and whether they were provided 30 days after that mailing to cure the default. Although Huntington does not say so with any particularity, it seems to strongly imply that there were two mailings here, one by first class mail on the same day as the date of the notice, i.e., November 4, 2014, and a second, certified mailing, on November 9, 2014. Indeed, Huntington asks the court to accept a mailing on November 4, 2014, allowing Huntington to make the argument that Appellants actually had 35 days' notice. To support its argument that there was 35 days' notice, Huntington states: "See un-contradicted affidavit of Robin Scott."

**{¶26}** Before discussing Scott's affidavit, as suggested by Huntington, we note that the Notice of Intention to Accelerate and Foreclose is dated November 4, 2014, but the USPS Tracking internet printout attached to it states that the Postal Product was first class mail with the feature titled "Certified Mail." (Exhibit F). This document relates only to the certified mail. It demonstrates that the document was

mailed November 9, 2014, and was delivered on November 10, 2014. It does not reflect that any other item was mailed before November 9, 2014.

**{¶27}** Thus, as Huntington suggests, Scott's affidavit is important in determining if there was both a first class mailing and a certified mailing and, if there were both, determining when the first class mailing occurred.

**{¶28}** Paragraph 5 of the Scott affidavit is the only part of the affidavit which addresses the condition precedent. It states:

> That all of the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed and that a true and accurate copy of the Notice of Default Letter mailed by First Class Mail is attached hereto as Exhibit "F" and is incorporated herein; and, that plaintiff has accelerated and called due the entire principal balance due thereon * * *

(Exhibit F). Contrary to Huntington's implications, this affidavit is devoid of any reference to a mailing of any sort on November 4, 2014. Thus, there is no factual support for Huntington's assertion that 35 days' notice was provided. At best, Scott's affidavit establishes one mailing date, by any means, and that date is November 9, 2014. Scott's affidavit and Exhibit F indicate only that there was a first class mailing by certified mail on November 9, 2014.

**{¶29}** The note states that Appellants be given 30 days' notice *after* the date on which the notice is mailed or delivered by other means. The Master Mortgage states that notice is deemed given on the date of mailing or when actually delivered. The notice was mailed on November 9, 2014 and delivered on November 10, 2014. It provided that Appellants had to cure the default by December 9, 2014. Neither party contests that a certified (first class mailing) took place on November 9, 2014. Counting 30 days *after* the date of mailing, i.e., excluding November 9, 2014 from the calculation, 30 days would give Appellants until December 9, 2014, the date provided

in the Notice of Intention to Accelerate and Foreclose. Thus, Appellants' third issue for review is without merit.

{¶30} Accordingly, Appellants' sole assignment of error is without merit and is overruled.

{¶31} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.