OPINION
{¶ 1} Plaintiff Shirley Sumser-Armstrong appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant, Donald Armstrong. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE DONALD ARMSTRONG ON APPELLANT SHIRLEY SUMSER ARMSTRONG'S CLAIM FOR DEFAMATION PER SE.
 {¶ 3} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE DONALD ARMSTRONG ON APPELLANT SHIRLEY SUMSER ARMSTRONG'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
 {¶ 4} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE DONALD ARMSTRONG'S MOTION FOR RECONSIDERATION OF THE TRIAL COURT'S AUGUST 5, 2005 JUDGMENT ENTRY DENYING APPELLEE DONALD ARMSTRONG'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT.
 {¶ 5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING DONALD ARMSTRONG'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} Appellant's statement on summary judgment appeal pursuant to Loc. App. R. 9 asserts the summary judgment was inappropriate both as a matter of law on the undisputed facts, and because a genuine dispute exists as to material facts.
 {¶ 7} The trial court's judgment entry of September 14, 2005 sets forth facts the court found to be undisputed. The action arose out of the exchange of marital assets following the divorce of appellant and appellee. On July 5, 2003, the parties made arrangements for appellee to retrieve some items and personal property, including a 1996 Lincoln Town Car, which were in appellant's possession following the divorce. The parties met at appellant's residence and made the exchange. Appellee then drove to his hotel where he noticed something was wrong with the Lincoln Town Car. Appellee inspected the vehicle and noticed a white substance which appeared to him to be sugar around the gas tank. He took the vehicle to Mullinax Ford to have it inspected.
 {¶ 8} At Mullinax Ford, a mechanic was assigned to service the vehicle. The quick-lane manager, Robert Richardson, told the mechanic, "Somebody put sugar in the gas tank." Appellee told Richardson he had just picked up the vehicle from his ex-wife's house and he thought someone there was responsible.
 {¶ 9} Stark County Sheriff's Deputy Terry Lee Spiedell, II. was dispatched to Mullinax Ford in answer to a phone call from appellee and Richardson. Appellee filed an incident report and told Deputy Spiedell he and appellant had recently been divorced. Appellee indicated to Deputy Spiedell appellant had stored the vehicle before he picked it up, and appellee believed she probably put sugar in the gas tank because she was angry with him.
 {¶ 10} Subsequently appellee filed a motion for civil contempt/enforcement against appellant in the Florida court where the parties were divorced. Among other things, appellee sought to recover for damage to the Lincoln Town Car. The Florida court overruled this portion of appellee's motion, finding there was no competent admissible evidence to establish appellant had caused any diminution in the value of the vehicle. Neither party appealed from this decision.
 {¶ 11} Civ. R. 56 states in pertinent part:
 {¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 13} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 14} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App. 3d 826.
 {¶ 15} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, Drescher v. Burt
(1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App. 3d 732.
 I. {¶ 16} In her first assignment of error, appellant urges the court erred in granting summary judgment in favor of appellee on her claim for defamation per se. The court found there are five elements necessary to establish a claim for defamation: (1) a false and defamatory statement of fact; (2) about the plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) which was either defamatory per se or caused special harm to the plaintiff, citing Akron-Canton Waste Oil, Inc. v. Safety-KleenOil Service, Inc. (1992), 81 Ohio App. 3d 591.
 {¶ 17} The court found the determination of whether allegedly defamatory language is opinion or fact is a question of law to be decided by the court, citing Vail v. Plain Dealer PublishingCompany (1995), 72 Ohio St. 3d 279. The trial court correctly cited Scott v. News-Herald (1986), 25 Ohio St. 3d 243, as setting forth a four-prong test to determine whether a statement is actionable: (1) the specific language used; (2) whether the statement is verifiable; (3) the general content of the statement; and (4) the broader context in which the statement appeared.
 {¶ 18} The trial court found in viewing the totality of the circumstances, the alleged defamatory statements were opinion, and not actionable. The court noted appellant and appellee had recently divorced and apparently the separation was not amicable. The court also found appellee made the statements regarding sugar in his gas tank to an individual who was assessing damage to the vehicle and also to a deputy sheriff as part of a police investigation. The court found as to Deputy Speidel, the appellant was required to cooperate fully and offer the names of any possible suspects.
 {¶ 19} Deputy Speidel, Robert Richardson, and the mechanic who worked on the car all gave depositions in the matter. Deputy Speidel testified appellee believed it was his ex-wife who put sugar in the gas tank. Richardson testified appellee told him appellee had just picked the vehicle up from his ex-wife, and thought "somebody there did it".
 {¶ 20} In reporting the alleged defamatory statements, the witnesses clearly stated appellee was expressing his belief his ex-wife or someone at her home had put the sugar in the gas tank.
 {¶ 21} Appellant argues Deputy Speidel acted on appellee's allegations by going to her residence to interview her. We find Deputy Speidel was acting on the complaint, and appellant's home was where the vehicle had been just before the damage was discovered. It was a logical step in investigating the incident regardless of whether anyone at her home was a suspect.
 {¶ 22} We find the trial court was correct in determining the statements were not defamatory, and appellee expressed a belief or opinion, not making a statement of fact. Accordingly, the first assignment of error is overruled.
 II. {¶ 23} In her second assignment of error, appellant urges the court should not have granted summary judgment in favor of appellee on her claim for intentional infliction of emotional distress. The trial court correctly found there are three elements to this claim: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was a proximate cause of the plaintiff's serious emotional distress,Phung v. Waste Management, Inc. (1994), 71 Ohio St. 3d 408. The Supreme Court has held a plaintiff must demonstrate the emotional distress was serious, Yeager v. Local Union 20 (1983),6 Ohio St. 3d 360.
 {¶ 24} The trial court found the appellee's statements were not extreme and outrageous as a matter of law. We agree. TheYeager court relied on the language from the Restatement of the Law 2d, Torts (1965) 71, Section 46(1) to explain the conduct required as: "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., at 375. Moreover, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. We agree with the trial court reasonable minds could only find appellee's actions were not extreme and outrageous.
 {¶ 25} Appellee argues appellant failed to present any evidence of serious harm caused by appellee's conduct. We do not agree. The record contains evidence which, construed most favorably in appellant's favor, indicates she suffered stress-related symptoms caused by interacting with appellee. The symptoms were severe enough for appellant to seek medical care. However, in her deposition, appellant testified this incident, while distressing, was not the only incident which caused her stress. In fact, she testified it had been going on even before the parties were married.
 {¶ 26} The second assignment of error is overruled.
 III. {¶ 27} In her third assignment of error, appellant urges the trial court abused its discretion in permitting appellee to file his motion for summary judgment out of rule.
 {¶ 28} The trial court's pre-trial order set off a cut-off date of June 17, 2005 for dispository motions. On July 28, 2005, appellee filed a motion for leave to file a motion for summary judgment. The following day, before the court ruled on his motion, appellee filed his motion for summary judgment. On August 1, 2005, the court overruled the motion for leave to file. Appellee moved the court to reconsider this decision, and the court sustained the motion and granted appellee leave to file his motion for summary judgment.
 {¶ 29} Appellant argues appellee did not re-file his motion for summary judgment after the court granted him leave to file it. She also challenges the grounds appellee raised in his motion for reconsideration, and urges those reasons are without basis. Pre-trial motions are generally addressed to the discretion of the trial court, see, e.g., Bank One of North America v. Lytle,
Lorain App. No. 04CA008463, 2004-Ohio-6547. The Supreme Court has defined the term abuse of discretion as indicating the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore v. Blakemore (1983), 5 Ohio St. 3d 317.
 {¶ 30} As appellee argues, appellant has not shown she was prejudiced by the court's reconsideration and reversal of its earlier order. The docket indicates appellant was allowed time to respond to the motion for summary judgment, and she did not ask for any additional time. Her memorandum in opposition to the motion for summary judgment was extensive and fully defended her position.
 {¶ 31} We find no abuse of discretion, and we overrule the third assignment of error.
 IV. {¶ 32} In her fourth assignment of error, appellant urges the court abused its discretion in considering the motion for summary judgment because it was not re-filed after the court granted leave.
 {¶ 33} Because we find in III, supra, appellant had ample opportunity to respond in detail to the motion for summary judgment, we find no error.
 {¶ 34} The fourth assignment of error is overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.