DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Fike, appeals the judgment of the Wayne County Probate Court granting summary judgment to Appellee, National City Bank. We affirm.
 I. {¶ 2} On March 23, 1990, Lucille Fike ("Grantor") established an inter vivos special needs trust ("Trust") for the benefit of Appellant, Grantor's only child. Under the terms of the Trust, Appellant has the right to remove an amount equivalent to 5% of the principal value of the trust per year or $10,000, whichever amount is greater. All other distributions of income and principal are at the discretion of the Trustee. The Wayne County National Bank was named as sole Trustee. The Trust further provides that at Appellant's death, the remainder is to be distributed among his lineal descendants, if any, various charitable entities, and the seven nieces and nephews of Grantor. The Trust was amended on March 10, 1995, but this amendment did not effect the naming of a Trustee.
 {¶ 3} On September 27, 1996, Grantor died. The Wayne County National Bank continued to administer the Trust for the benefit of Appellant, Grantor's sole surviving heir. In 2004, the Wayne County National Bank merged with National City Bank. Due to this merger, the Wayne County National Bank became National City Bank ("National City").
 {¶ 4} On November 24, 2004, Appellant sent a letter to Steve Kitchen ("Kitchen"), an Executive Vice President of National City[1], addressed to the Wayne County National Bank, requesting the resignation of the National City as Trustee. On February 3, 2005, Appellant again sent a letter to Kitchen, addressed to National City, to request the resignation of the Bank as Trustee. Kitchen responded on February 15, 2005, declining on behalf of National City to resign.
 {¶ 5} On May 12, 2005, Appellant filed in the Wayne County Probate Court an Application for Removal of Trustee and Appointment of Successor Trustee. On August 17, 2005, National City filed a Motion for Summary Judgment. The trial court ruled in favor of National City, finding there was no genuine issue of material fact and that National City was entitled to judgment as a matter of law. The probate court specifically stated that
 "the evidence before the Court leads a reasonable person to come to but one conclusion that Mr. Michael L. Fike wishes to replace National City Bank, Private Client Group only because of his personal wishes not because of any fault found in R.C. 2109.24 attributable to National City Bank, Private Client Group."
 {¶ 6} Appellant filed a timely notice of appeal, raising two assignments of error for our review. For ease of review, we have consolidated Appellant's assigned errors.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT IN A PENDING APPLICATION FOR REMOVAL OF THAT TRUSTEE AND APPOINTMENT OF A SUCCESSOR TRUSTEE IN THE LUCILLE FIKE TRUST."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT'S GRANT OF THE MOTION FOR SUMMARY JUDGMENT CONSTITUTED AN ABUSE OF ITS DISCRETIONARY POWERS."
 {¶ 7} In his assignments of error, Appellant argues that the trial court erred as a matter of law and abused its discretion when it granted the Trustee's motion for summary judgment in a pending application for removal of that Trustee. Appellant contends that there are material facts at issue, specifically arguing that the future of the Trust is compromised due to the dramatic changes that have taken place at the once Wayne County National Bank offices, while the Trustee argues that no changes have occurred which affect Appellant's welfare. Appellant contends that because of this, an evidentiary hearing is necessary and warranted. We do not agree.
 {¶ 8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} In support of its motion for summary judgment, Appellee relied upon the affidavit of Kitchen, the Response to Interrogatories by Michael Fike and to the previously filed pleadings. Appellant filed a response to Appellee's motion for summary judgment, to which he attached a copy of the Trust agreement.
 {¶ 12} The probate court first noted that Item V (Successor Trustee and Compensation) Section 5.1 Resignation of Trustee, provides for the beneficiaries to appoint a new Trustee upon resignation of the Trustee. Further, Subsection b permits the court to appoint a successor Trustee "[i]f for any reason it should become necessary[.]" The probate court found that Appellant wished to remove Trustee for his own personal wishes and not because it was necessary through fault of Trustee. In reaching this decision, the trial court relied on the affidavit of Kitchen, which attested that he was employed as a trust officer with the Wayne County National Bank and is now employed by National City as an Executive Vice President and because of this, he had personal knowledge of the Fike Trust. Further, Kitchen attested that since the merger between National City and Wayne County National Bank, there are even more resources available to him to administer the Trust for the benefit of Appellant. The court further looked at Appellant's response to the summary judgment motion in which he alleged that Trustee has been negligent in communicating with Appellant and has not visited nor maintained the property. However, as the court noted, Appellant went on to argue that the Trust had become ineffectual because Appellant refused to communicate with Trustee or go to their offices. The court found that if this was evidence at all, it was evidence that Appellant "intended himself as beneficiary to thwart the Trust set up by his mother." Finally, the court points out that the Trust agreement does not provide Appellant with the right to change the Trustee and, had this been Grantor's intent, she would have included it in the Trust agreement.
 {¶ 13} Accordingly, the probate court found the following: 1) that trust agreement did not permit Appellant to change Trustees, 2) that the Trust agreement does permit the court to name a successor Trustee, 3) that National City continued to maintain an office in Wooster, Ohio, fully available and able to perform the duties of Trustee in the Trust, 4) that the only written reason Appellant gave to change Trustee was his desire to continue a professional relationship with the former trust officer who has since left National City, and 5) that Appellant's allegations that National City neglected him or the Trust are unsubstantiated by facts in the record or affidavit. After careful review of the record below, we agree.
 {¶ 14} Appellant contends that the trial court erred in granting summary judgment in favor of Appellee because a genuine issue of material fact exists regarding whether the changes in Wayne County National Bank, ie, the merger with National City, have compromised the future of the trust. In support of this contention, Appellant asserts that the Trust agreement contemplates the removal and appointment of a successor trustee. Appellant further contends that the confidence and trust between the current trustee and the beneficiary has been broken and therefore, the best interest of the trust demands the removal of the Trustee.
 {¶ 15} According to R.C. 2109.24,
 "[t]he court may remove any such fiduciary * * * for neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
 {¶ 16} Appellant contends that the Trust agreement itself provides a mechanism for removing the Trustee. As stated in the Trust agreement, "[i]f for any reason it should become necessary for a Court of competent jurisdiction to appoint a successor hereunder, such court shall make such appointment in accordance with the foregoing provisions of this paragraph." Appellant argues that because Grantor included the language "for any reason" she intended to allow for the removal of the Trustee under circumstances such as in the instant case. Appellant states in his brief that "[s]urely the sale of the Wayne County National Bank and the loss of the personal service that used to be a luxury afforded by the Wayne County National Bank to its Wooster clientele falls under this general instruction by the grantor and the possibility of circumstances warranting the appointment of a successor trustee was most certainly contemplated by the grantor in the trust instrument." (emphasis added.) However, this interpretation ignores the word "necessary." The court may appoint a successor Trustee, if "it should become necessary [.]" We do not agree that the Grantor must have contemplated a change in Trustee due to the loss of what the Appellant calls a "luxury." It is clear that Grantor contemplated a change in Trustee if, and when, the court found it was necessary. We find no merit in Appellant's arguments that removal is necessary as further outlined below.
 {¶ 17} In support of his argument that the confidence and trust between the current trustee and beneficiary has been broken, and the best interest of the trust demands removal of the Trustee, Appellant states that the Wayne County National Bank no longer exists in the same state that it did when Grantor named it as Trustee. He further states that the trust officers who have serviced his account over the many years of the life of the Trust are no longer employed by a local banking institution. He contends that the new trust officer assigned to him by National City has only communicated with him twice over the course of a year and has not viewed the real estate holdings of the trust. He also states that evidence will show that the trustee has ignored general maintenance needs of the real estate holdings and may have made payments toward repairing some damage sustained by the property as a general disbursement directly to the beneficiary rather than an expense of the trust. However, as stated above, Appellant, as the non-moving party, may not rest upon mere allegations and denials in the pleadings.Henkle, 75 Ohio App. 3d at 735. Appellant has failed to point to or submit some evidentiary material that demonstrates that this contention presents a genuine dispute over a material fact. Id. Appellant merely contends that this, along with his general dissatisfaction with the "current personnel he must deal with, certainly cripples the future of the trust itself." We find no merit in this contention.
 {¶ 18} According to Kitchen's affidavit, there are five designated trust officers dealing with client relations in National City's Wooster office. Further, Appellant's responses to Appellee's interrogatories contradict the contentions in his brief, which seem to state that his new trust officer is ignoring him and neglecting the trust. His responses to interrogatories state that he did not allege that National City neglected its duties, was incompetent, committed fraud nor failed to protect the assets of the trust. Further, in his own brief, Appellant states that the Trust had become ineffectual because Appellanthimself refused to communicate with the Trustee or go to their offices. Appellant cannot by his own actions of neglect impute negligence to National City. As stated above, Appellant, as the non-moving party, may not rest upon mere allegations and denials in the pleadings and must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle, 75 Ohio App.3d at 735. Appellant does not point to any evidence that demonstrates that National City did not or would not act in the best interest of the Trust. Therefore, we find Appellant has not met his burden to successfully oppose Appellee's summary judgment motion.
 {¶ 19} Therefore, we find the trial court did not err in granting Appellee's summary judgment motion. Accordingly, we overrule Appellant's assignments of error.
 III. {¶ 20} There being no genuine issue of material fact on the issue of whether removal of the Trustee is in the best interest of the Trust, Appellant's assigned errors are without merit. The decision of the Wayne County Probate Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Court of Appeals of Ohio, Ninth Judicial District Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
[1] Kitchen was employed as a trust officer with Wayne County National Bank and is now employed by National City as an Executive Vice President.