[Cite as *McMillan v. Global Freight Mgt., Inc.*, 2013-Ohio-1725.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WILLIAM E. MCMILLAN

      Appellant

      v.

GLOBAL FREIGHT MANAGEMENT INC.

      Appellee

C.A. No.     12CA010248

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV173823

DECISION AND JOURNAL ENTRY

Dated: April 29, 2013

MOORE, Presiding Judge.

{¶1}   Plaintiff-Appellant, William McMillan, appeals from the May 31, 2012 judgment entry of the Lorain County Court of Common Pleas.  We affirm.

I.

{¶2}   In 2010, Mr. McMillan suffered an on-the-job injury while working for, Defendant-Appellee, Global Freight Management, Inc.   Mr. McMillan filed a workers' compensation claim which was allowed for benefits due to his injuries.  On May 11, 2011, the decision allowing benefits was amended to include additional conditions stemming from this injury.

{¶3}   On May 16, 2011, Mr. McMillan was terminated from his employment with Global Freight Management, Inc.

{¶4}   Mr. McMillan filed a complaint in common pleas court for wrongful termination in violation of R.C. 4123.90.  In his complaint, Mr. McMillan alleged that Global Freight

terminated him solely based upon the approval of his workers' compensation claim. Further, Mr. McMillan alleged that his termination jeopardized and contradicted the policy set forth in R.C. 4123.90, which permitted employees who are injured on the job to file for benefits without fear of retaliation from their employer. Mr. McMillan also contended that the remedies available in R.C. 4123.90, reinstatement with back pay, are insufficient to compensate him in this situation.

{¶5} Global Freight filed an answer denying that the trial court had subject matter jurisdiction to hear the case because Mr. McMillan failed to comply with the notice requirements set forth in R.C. 4123.90. Additionally, Global Freight filed a motion to dismiss, or in the alternative, a motion for summary judgment.

{¶6} The trial court granted Global Freight's motion to dismiss Mr. McMillan's statutory claim for retaliatory discharge. It held that the court lacked subject matter jurisdiction because Mr. McMillan failed to give the requisite ninety day written notice to his employer pursuant to R.C. 4123.90. Further, the trial court granted Global Freight's motion for summary judgment because, as a matter of law, Mr. McMillan was not entitled to a common-law cause of action for a violation of the public policy underlying R.C. 4123.90. In its decision, the court rejected Mr. McMillan's reliance upon *Sutton v. Tomco Machining, Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, reasoning that it would "not create a new common law claim based upon R.C. 4123.90 * * * ," because "[h]ad the Ohio Legislature intended there be other claims allowed under the statute it would have included them."

{¶7} Mr. McMillan appealed, and raises one assignment of error for our consideration. We note that Mr. McMillan has not challenged the dismissal of the statutory cause of action for wrongful discharge due to failing to notify Global Freight of his claimed violation within the ninety days immediately following his discharge from employment.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING [GLOBAL FREIGHT MANAGEMENT, INC.'S] MOTION FOR SUMMARY [JUDGMENT] AS COURTS HAVE PREVIOUSLY CREATED TORT CLAIMS FOR WRONGFUL TERMINATION WHICH BYPASS THE REQUIREMENTS OF [R.C.] 4123.90.

{¶8} In his sole assignment of error, Mr. McMillan argues that the trial court erred in granting Global Freight Management, Inc.'s motion for summary judgment because his termination violated public policy. Specifically, Mr. McMillan argues that the remedies available pursuant to R.C. 4123.90, reinstatement with back pay, are not adequate to compensate him, and therefore must be expanded.

{¶9} In response, Global Freight contends that R.C. 4123.90 provides the exclusive remedy for an employee who is discharged in retaliation for filing a workers' compensation claim. It further contends that because the Ohio legislature created a cause of action for retaliatory discharge based upon the filing of a workers' compensation claim, an aggrieved employee may not bring a common-law public policy claim based upon R.C. 4123.90.

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and

pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to, or provide, some evidentiary material that demonstrates a genuine dispute over a material fact. *In re Fike Trust*, 9th Dist. No. 06CA0018, 2006-Ohio-6332, ¶ 10.

{¶11} R.C. 4123.90 states, in relevant part, that:

No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which *the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge*[.] * * * The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.

(Emphasis added.)

{¶12} In *Bickers v. W. & S. Life Ins. Co.*, 116 Ohio St.3d 351, 2007-Ohio-6751, syllabus, the Supreme Court of Ohio held that:

An employee who is terminated from employment while receiving workers' compensation has no common-law cause of action for wrongful discharge in violation of the public policy underlying R.C. 4123.90, which provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act.

The Court reasoned that "it would be inappropriate for the judiciary to presume the superiority of its policy preference and supplant the policy choice of the legislature. For it is the legislature, and not the courts, to which the Ohio Constitution commits the determination of the policy compromises necessary to balance the obligations and rights of the employer and employee in the workers' compensation system." *Id*. at ¶ 24.

{**¶13**} As stated above, Mr. McMillan relies upon the Supreme Court of Ohio's decision in *Sutton*, 2011-Ohio-2723, to support his argument for a common-law cause of action with regard to the remedies available pursuant to R.C. 4123.90. However, Mr. McMillan's reliance upon *Sutton* is misplaced for two reasons. First, in *Sutton* at paragraph two of the syllabus, the Court recognized a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers retaliatory employment action after being injured on the job, but *prior* to filing, instituting, or pursuing a workers' compensation claim. Under the plain language of the statute, Mr. Sutton was not protected and could not bring a claim under the terms of the statute. *Id.* at ¶ 14. Thus, the *Sutton* Court was concerned with filling a "gap" in protection, and not a "gap" in remedies. *Id.* at ¶ 22. However, here, Mr. McMillan does not argue that there is a gap in protection under R.C. 4123.90, or that the circumstances of his termination placed him outside the protection of the statute. Further, Mr. McMillan has not identified a different statute or constitutional provision from which he could base a claim for wrongful discharge in violation of public policy.

{**¶14**} Second, even assuming that Mr. McMillan could rely upon *Sutton* as a basis for bringing a common-law cause of action for wrongful discharge in violation of public policy, *Sutton* itself defeats his argument regarding the remedies available for retaliatory discharge. The *Sutton* Court clearly stated that "[t]he remedies available for wrongful discharge in violation

of the public policy against retaliatory employment actions as expressed in R.C. 4123.90 are *limited to those listed in R.C. 4123.90.*" (Emphasis added.)  *Id*. at paragraph four of the syllabus. As such, although the Court recognized a common-law claim for retaliatory discharge under the specific facts before it in *Sutton*, the employee was still limited to the statutory remedy of reinstatement with back pay because "[t]o hold otherwise and allow pursuit of common-law remedies for wrongful discharges in violation of this public policy would undermine the entire workers' compensation scheme, purpose, and operation."  *Id*. at ¶ 36.   The *Sutton* Court concluded that:

> It would be nonsensical to acknowledge a tort in violation of public policy but fail to tailor the remedies in conformance with that public policy. We therefore hold that the remedies available for wrongful discharge in violation of the public policy against retaliatory employment actions as expressed in R.C. 4123.90 are limited to those listed in R.C. 4123.90.

*Id.*  Thus, Mr. McMillan's argument is without merit in light of the fact that the Supreme Court of Ohio has specifically concluded that no other remedies are available to those who state claims for wrongful discharge in violation of the public policy embodied in R.C. 4123.90.

{¶15}  Based upon the record before us, and viewing the evidence in a light most favorable to Mr. McMillan, we cannot say that the trial court erred in granting summary judgment in favor of Global Freight Management, Inc. The precedent set forth in *Bickers* and *Sutton* clearly limits Mr. McMillan to the remedies available for wrongful discharge in R.C. 4123.90, reinstatement with back pay.  Therefore, as a matter of law, no common-law cause of action presently exists outside of the scope of the statute on the issue of remedies.

{¶16}  Mr. McMillan's sole assignment of error is overruled.

III.

{¶17} Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JUSTIN C. MILLER, Attorney at Law, for Appellant.

SEAN P. ALLEN, Attorney at Law, for Appellee.