[Cite as *AcuSport Corp. v. Trial Gun, L.L.C.*, 2016-Ohio-7023.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ACUSPORT CORPORATION | C.A. No. 27934 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRIAD GUN, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV 2014-12-5505 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Frederick Phillips, appeals from the judgment of the Summit County Common Pleas, awarding summary judgment to Plaintiff-Appellee, AcuSport Corp. ("AcuSport"). This Court affirms.

I

{¶2} In February 2012, Triad Gun, LLC ("Triad") entered into a contract with AcuSport to establish a line of credit for the purchase of certain sporting goods. Phillips is the owner of Triad and signed the contract on behalf of his company. When he did so, he also signed a personal guarantee for any payments due under the contract. According to AcuSport, Triad ceased making payments on the contract after September 2014.

**{¶3}** In December 2014, AcuSport brought suit against Phillips for breach of the personal guarantee he made on the contract between it and Triad.[1] After Phillips filed his answer, AcuSport filed a motion for summary judgment. Phillips responded in opposition to the motion for summary judgment, and AcuSport filed a reply brief. The trial court then awarded summary judgment in favor of AcuSport in the amount of $28,513.28, plus interest at a rate of 24% from September 25, 2014.

**{¶4}** Phillips now appeals from the trial court's judgment and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLEE-PLAINTIFF FAILED TO ESTABLISH THAT ITS AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WAS BASED ON THE PERSONAL KNOWLEDGE OF THE AFFIANT.

**{¶5}** In his first assignment of error, Phillips argues that the trial court erred by awarding summary judgment to AcuSport because AcuSport failed to show that its affiant had personal knowledge of the matters to which he attested. We do not agree that AcuSport relied upon a defective affidavit.

**{¶6}** "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist.

---

[1] AcuSport also brought suit against Triad. Because the trial court entered a default judgment against Triad and it is not a party on appeal, we need not discuss the matter as it relates Triad.

Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, * * * then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." (Internal quotations and citations omitted.) *Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750 ¶ 12, quoting *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14.

{¶7} In support of its motion for summary judgment, AcuSport relied upon the affidavit of Estil Hoskins. In his affidavit, Hoskins identified himself as AcuSport's Controller and averred that he was "completely familiar with [AcuSport's] books and records as they pertain to [Phillips and Triad]." He stated that Phillips failed to pay for the goods that AcuSport provided while AcuSport performed all of its obligations under the contract. He averred that AcuSport kept in the ordinary course of business the documents attached to his affidavit, including the contract with Phillips and Triad, copies of their invoices and credit memos, and a copy of their account statement. He further averred that while Phillips had made "many payments" since the account statement attached to his affidavit, no payments had been made since September 2014. Hoskins stated that the balance due on the account was $28,513.58, plus interest at the contractual rate of 24%.

{¶8} In his brief in opposition to AcuSport's motion for summary judgment, Phillips did not present any exhibits, affidavits, or other evidence. Instead, he argued that AcuSport did

not satisfy its initial *Dresher* burden. It was his position that Hoskins, AcuSport's affiant, failed to establish that he had personal knowledge of the business records attached to his affidavit. Phillips argued that Hoskins failed to explain his role as a Controller at AcuSport and that, absent his having personal knowledge of the documents attached to his affidavit, the documents amounted to unauthenticated hearsay. Phillips maintains the same argument on appeal. Specifically, he argues that one cannot infer personal knowledge from Hoskins' affidavit because it does not contain sufficient details about his duties at AcuSport.

{¶9} Initially, we note that Phillips never argued that Hoskins' affidavit was deficient because Hoskins premised one or more of his averments upon documents that were not attached to his affidavit in accordance with Civ.R. 56(E). *Compare Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 13-14. Phillips' argument was that Hoskins could not authenticate the documents that were attached to his affidavit because the affidavit lacked the specificity necessary for one to infer that he had personal knowledge of their contents. Accordingly, we limit our review to that issue. *See U.S. Bank, N.A. v. Greenless*, 9th Dist. Lorain No. 14CA010618, 2015-Ohio-356, ¶ 13; *CitiMortgage, Inc. v. Elia*, 9th Dist. Summit No. 25482, 2011-Ohio-2499, ¶ 10.

{¶10} As previously noted, an affiant's mere assertion of personal knowledge generally satisfies Civ.R. 56(E)'s personal knowledge requirement "if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Lytle*, 2004-Ohio-6547, at ¶ 13. Although Hoskins did not use the specific phrase "personal knowledge" in his affidavit, he asserted that he was "completely familiar with [AcuSport's] books and records as they pertain to [Phillips and Triad]." *See Elia* at ¶ 12 (personal knowledge inferred from content of affidavit even though

affiant did not use the phrase "personal knowledge"). He also identified himself as being the Controller at AcuSport and specifically averred that the documents attached to his affidavit were "true and correct copies of business records maintained by [AcuSport] in the ordinary course of business." There were no particular averments in his affidavit that made it appear unlikely that he had personal knowledge of the facts to which he averred. *See Loya*, 2014-Ohio-2750, at ¶ 12, quoting *Swartz*, 2004-Ohio-1986, at ¶ 14. Even if Hoskins could have elaborated further upon his specific duties at AcuSport, the statements he made in his affidavit created a reasonable inference that, based upon his stated position in the company, he had knowledge of the facts contained therein. *See CitiMortgage, Inc. v. Stevens*, 9th Dist. Summit No. 25644, 2011-Ohio-3944, ¶ 16; *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 16. *Compare Target Natl. Bank v. Enos*, 9th Dist. Summit No. 25268, 2010-Ohio-6307, ¶ 11 (personal knowledge could not be inferred where affiant failed to identify his position or aver that he was personally familiar with company's business records or individual defendant's account). Accordingly, the trial court did not err when it concluded that he made the statements in his affidavit upon his personal knowledge of AcuSport's business records. Phillips' first assignment of error is overruled.

Assignment of Error Number Two

> THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS MATERIAL QUESTIONS OF FACT EXIST AS TO THE BALANCE, IF ANY, DUE APPELLEE UNDER THE PARTIES (sic) CONTRACT.

{¶11} In his second assignment of error, Phillips argues that the trial court erred by awarding AcuSport summary judgment because genuine issues of material fact exist for trial. Specifically, he argues that a question of fact exists as to the balance due, if any, under his contract with AcuSport. We disagree.

{¶12} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. *Id.* at 292-293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to, or provide, some evidentiary material that demonstrates a genuine dispute over a material fact. *In re Fike Trust*, 9th Dist. Wayne No. 06CA0018, 2006-Ohio-6332, ¶ 10.

{¶14} As noted above, AcuSport brought its motion for summary judgment against Phillips on the basis of Hoskins' affidavit and the documents attached to the affidavit. In his affidavit, Hoskins averred that AcuSport had performed its obligations under the contract with Phillips, but Phillips had failed to make the necessary payments. He averred that the account statement attached to his affidavit evidenced the amount that was due to AcuSport and that, since that account statement was issued, Phillips had made "many payments." He further averred that Phillips had made his last payment in September 2014 and that the balance due on the account was now $28,513.58, plus interest at a rate of 24%.

{¶15} Phillips argues that AcuSport was not entitled to summary judgment because it failed to set forth any record of the payments he made on his account. He notes that the account statement Hoskins attached to his affidavit reflected an ending balance of $69,513.56. According to Phillips, "[n]o explanation whatsoever was offered by [AcuSport]," to account for the difference between the $69,513.56 balance on the account statement and the $28,513.58 that AcuSport sought from him in its complaint. Therefore, he argues that AcuSport failed to show that it was entitled to judgment on its action on account.

{¶16} Contrary to Phillips' argument, AcuSport offered an explanation for the difference between the ending balance on his account statement and the amount it sought in its complaint. Hoskins specifically averred that Phillips had made "many payments" since the issuance of the account statement, so the balance due and owing to AcuSport had been reduced to $28,513.58. Because Hoskins averred that he was "completely familiar" with AcuSport's books and records as they related to Phillips and Triad and that the current balance on the account was $28,513.58, AcuSport set forth evidence in support of its claim. In response, Phillips failed to set forth any evidence tending to show that he either satisfied the obligation to AcuSport or that the obligation was less than AcuSport claimed that it was. Phillips also has failed to set forth any authority standing for the proposition that AcuSport was required to document his entire payment history in order to prevail on its claim. *See* App.R. 16(A)(7). Because AcuSport satisfied its initial *Dresher* burden through Hoskins' affidavit and its attachments and Phillips failed to set forth any evidence to satisfy his reciprocal burden, the trial court did not err when it concluded that no genuine issues of material fact existed for trial. *See In re Fike Trust*, 2006-Ohio-6332, at ¶ 10. As such, Phillips' second assignment of error is overruled.

III

{¶17}  Phillips' assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CHRISTOPHER L. WETHERBEE, Attorney at Law, for Appellant.

ANNE C. LITTLE, Attorney at Law, for Appellee.