**[Cite as *Monitor Bank v. Griffith*, 2017-Ohio-7785.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| THE MONITOR BANK | | C.A. No.      16AP0079 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD GRIFFITH | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | | CASE No.      2016 CVC-H 000238 |

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

TEODOSIO, Judge.

{¶1}    Chad Griffith appeals the judgment of the Wayne County Court of Common Pleas granting summary judgment in favor of Monitor Bank.  We reverse and remand.

I.

{¶2}    In March 2016, Monitor Bank received a judgment against GDG Properties, LLC, on a promissory note.  In May 2016, Monitor Bank filed a complaint against Chad Griffith, pursuant to a guaranty, for the amount of said judgment.  Mr. Griffith filed an answer denying the allegations made in the complaint, and Monitor Bank subsequently filed its motion for summary judgment.  Mr. Griffith filed his response brief in opposition, and contended that Monitor Bank had failed to support its motion with proper evidentiary materials and had failed to attach an affidavit.  Five days later, Monitor Bank filed the affidavit of Doug Akins, an officer of the bank, and attached as exhibits: (1) a copy of the guaranty; (2)  a copy of the complaint against GDG Properties, LLC; (3) a copy of the signature page from the note, indicating Monitor

Bank as the lender and GDG Properties, LLC, as the borrower, and signed for the lender by "Douglas D. Akins, Sr. Vice President" and signed for the borrower by "Chad Griffith, Member"; (4) an account balance; (5) a copy of the warrant of attorney answer to the complaint on the promissory note; and (6) a copy of the judgment entry against GDG Properties, LLC.

{¶3}     Mr. Griffith filed a motion to strike the affidavit and the evidentiary materials as being improper, untimely and without leave of court.  Monitor Bank followed by filing a motion for leave to file the affidavit instanter, which was granted by the trial court.  The court denied Mr. Griffith's motion to strike and on November 8, 2016, granted summary judgment in favor of Monitor Bank.  Mr. Griffith now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING THE PLAINTIFF-APPELLEE BANK'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT-APPELLANT CHAD GRIFFITH, IN HIS PERSONAL CAPACITY, WHERE GENUINE ISSUES OF MATERIAL FACT EXISTED FOR TRIAL CONCERNING (1) WHETHER THERE WAS [A] LOAN GUARANTY CONTRACT BETWEEN THE APPELLEE BANK AND APPELLANT; (2) HOW MUCH MONEY IS OWED TO APPELLEE BANK AT THIS POINT IN TIME, IF ANY; AND (3) WHETHER APPELLANT OWES ANY AMOUNT OF MONEY TO APPELLEE BANK AND IF SO, THE AMOUNT OWED.

{¶4}     In his assignment of error, Mr. Griffith argues that the affidavit of Doug Akins provided by Monitor Bank did not meet the requirements of Civ.R. 56(E) in that it was not made on personal knowledge and did not show affirmatively that the affiant was competent to testify to the matters stated in the affidavit.  We agree.

{¶5}     Specifically, Mr. Griffith contends that the affidavit fails to set forth any facts pertaining to Mr. Akins' competency or to what his job entails, other than that he is "an officer of plaintiff."  Mr. Griffith further contends the affidavit fails to set forth the records or documents

that Mr. Akins reviewed, any experience he has with the account, or his knowledge of the bank's business record procedures. Mr. Griffith also argues the affidavit and the attached exhibits do not meet the requirements of Civ.R. 56(E) because the documents are not sworn or certified, and that therefore no credible evidence was before the trial court. We note that Mr. Griffith also argues the affidavit lacks a notary seal, however he did not raise this issue at the trial court, and therefore the issue is not properly before us. *See Carnegie Cos., Inc. v. Summit Properties, Inc.*, 9th Dist. Summit No. 25622, 2012-Ohio-1324, ¶ 8.

**{¶6}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

**{¶7}** The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the

nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶8} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). "In addition, Civ.R. 56(E) provides that '[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.'" *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014–Ohio–4652, ¶ 10. Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. It is only when "particular averments" in an affidavit undermine the likelihood that the affiant has personal knowledge of the facts that more than a conclusory statement of personal knowledge is required. *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016–Ohio–7950, ¶ 10.

{¶9} "Civ.R. 56(C) sets forth an inclusive list of the materials that may be considered by a court when determining a motion for summary judgment * * * includ[ing] depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." *Carter v. Gerbec*, 9th Dist. Summit No. 27712, 2016-Ohio-4666, ¶ 43. "The proper procedure for introducing evidentiary matter not specifically authorized under Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Skidmore & Assoc. Co., L.P.A. v. Southerland*, 89 Ohio App.3d 177, 179 (9th Dist.1993). Civ.R. 56(E) requires that a document attached to an affidavit submitted in support of a motion for summary judgment "must be sworn, certified, or personally authenticated based on personal knowledge." *Carter* at ¶ 43.

{¶10} With regard to the exhibits attached to the Akins affidavit, the copies of the guaranty, the note, and the account balance have not been authenticated in any of these ways. They are neither sworn nor certified, nor did Mr. Akins aver personal knowledge of any of the documents, or that they are genuine, true and accurate copies. Likewise, the attached copies of the court filings from the previous case against GDG Properties, LLC, were not certified or otherwise authenticated. Accordingly, the exhibits were not properly before the trial court on summary judgment.

{¶11} As previously noted, an affiant's mere assertion of personal knowledge generally satisfies Civ.R. 56(E)'s personal knowledge requirement "if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Lytle* at ¶ 13. Mr. Akins did not aver personal knowledge specifically, nor did the affidavit contain language from which personal knowledge could be inferred. *See AcuSport Corp. v. Triad Gun, LLC*, 9th Dist. Summit No.

27934, 2016-Ohio-7023 (inferring "personal knowledge" even though the specific phrase was not used in the affidavit). *See also CitiMortgage, Inc. v. Elia*, 9th Dist. Summit No. 25482, 2011-Ohio-2499. He did not aver familiarity with the documents, the account file, or the business record procedures of the institution. He did not identify or describe his position or duties at the bank. As to his competence to testify to the matters contained within the affidavit, Mr. Akins states only "that he is an officer of plaintiff and that the following is true to the best of his knowledge and belief * * *." Based upon this paucity of language from which personal knowledge could be inferred, the statements made in the affidavit did not create a reasonable inference that Mr. Akins had knowledge of the facts contained therein. *See AcuSport Corp.* at ¶ 10.

{¶12} Monitor Bank argues that Mr. Akins was present at the signing of the documents, and that such fact "is ample evidence that the affiant has personal knowledge of the documents and is competent to testify as to the existence and authenticity of those documents." Even in this, there is not enough evidence for the trial court to have conclusively determined that the affiant, Doug Akins, an officer of the bank, is the same person as "Douglas D. Akins, Sr. Vice President," who signed the note, as the affidavit makes no mention of the signature. It is far from inconceivable, for instance, that the affiant is simply the familial namesake of the signatory.

{¶13} We conclude the affidavit of Doug Akins fails to meet the personal knowledge requirement of Civ.R. 56(E) and fails to show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. We further conclude the exhibits attached to the affidavit did not meet the requirements of Civ.R. 56(E), which requires the attachment of sworn or certified copies of all papers or parts of papers referred to in an affidavit. Because the trial court did not have before it for consideration any evidence meeting the requirements of Civ.R.

56(E), it erred in finding that there were no genuine issues as to any material fact and in finding that Monitor Bank was entitled to summary judgment.

{¶14} Mr. Griffith's assignment of error is sustained.

### III.

{¶15} Mr. Griffith's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and the cause is remanded.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

BRUCE HALL, Attorney at Law, for Appellant.

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

JOHN BARRINGTON, Attorney at Law, for Appellee.